Ruffin, Judge,
 

 after stating the substance of the motion, proceeded as follows: The court of equity requires all proofs to be in writing, for the purpose of allowing the judge full time for deliberation, and in order to give the parties the benefit of a bill of review,or an appeal to correct errors — the only exception relates to the execution of an exhibit, or the like. This is also the regular method of taking testimony to he read before the master. There
 
 4s
 
 no rule that he shall not hear
 
 viva voce
 
 evidence, but
 
 *222
 
 only that lie shall not act on'any not reduced to writing; in order that the ground of his decision may he brought fully before the court. If a party then, for his own convenience or benefit, brings his witnesses before the master, instead of taking their depositions under a commission, he must bear the expense himself. The direction is therefore refused.
 

 The costs of a suit to settle a partnership, are generally charged upon the partnership effects ; but improper conduct in one of the partners,may be punished by taxing him with them.
 

 The report made by the clerk and master in Granville, having been set aside in this court, by consent of the parties, the allowance-for making itmust, for that reason, be paid equally by the plaintiff and defendant.
 

 In general, the costs of a suit to
 
 settle
 
 a partnership, are to be paid out of the fund, or by the partners equally. But the conduct of the defendant subjects him exclusively to the costs. He was the acting partner, and failed to keep and render proper accounts. He made payments to the plaintiff of part of his share of the profits, but took notes for the sums as advances made by him, and commenced suits at law on them, when he owed the plaintiff a large balance over and above the amount of those notes. He has moreover deluded the plaintiff and the court, by depositing with the clerk documents pretended to he evidences of uncollected partnership debts, due in distant parts of the country, and has caused a receiver to be appointed, who reports, that after taking a long journey, he has been unable to find or hear any thing of such debtors, and has reason to believe that the claims are altogether feigned. Such conduct meets only with a small portion of the rebuke it merits, when it incurs the penalty of the costs of suit.
 

 Per Curiam — Decree accordingly.